*453 On the Merits.
The opinion of the court was delivered by
DeBlano, J.
From the 7th of September to the 10th of October, 1877, Mrs. O’Brien and two of her children died, and — after their death— Charles E. Alter caused to be seized and sold, and — at the sate — purchased, for less than the claim which he had against defendant, the real estate mortgaged by the latter to secure said claim.
Mrs. O’Brien left nothing, and the property thus mortgaged and sold belonged to the community which existed between her and her surviving husband. He and that community are insolvent, and Francis Johnson — an undertaker-^ claims to be paid by preference, and out of the proceeds of the sale to Alter, the expenses incurred for the burial of Mrs. O’Brien and her children.
The district court maintained Johnson’s opposition, but for exclusively the amount which he olaims for the burial of the deceased .wife. From that decree Alter appealed, and — in answer to his appeal — Johnson prays that the decree be amended, by allowing the whole of the account on which he based his third opposition.
Johnson’s account is correct and due — this is admitted. His demand is resisted on the grounds :
1. That Mrs. O’Brien’s succession owns no property, this is true ; that — when the mortgage was given to Alter, she — as partner in community — had no interest in the estate subject to that mortgage — as to this we express no opinion — and that her interest in the community was and still is subordinate to its debts — as a general rule, this is indisputable.
2. That, in as much as the proceeds of the sale are insufficient to satisfy Alter’s mortgage, there is no money which can be transferred to the probate court for distribution, and — if there was — alone the representative of Mrs. O’Brien’s succession would be entitled to claim it.
To sustain one of his positions, plaintiff’s counsel relies on our decision in Gally vs. Dowling, in which we held — in substance — that the curator of a succession, who does not allege the existence of debts priming the vendor’s mortgage, is not entitled to the proceeds of the mortgaged property realized under an order of seizure and sale obtained by, and executed at the instance of the mortgagee. Here, instead of a curator claiming against a privileged creditor, without alleging the existence of any debt superior in rank to that of the creditor — we have an undertaker who asserts that his privilege outranks the mortgage of the adjudicates of the only property which belonged to an insolvent community and insolvent spouses. We adhere to the opinion expressed in Gaily vs. Dowling, but we do not consider it applicable to this case.
*454 Does Johnson’s claim for funeral expenses rank that of Alter, the mortgagee ?
The Code expressly provides VasX privilege is a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages. — C. C. 3186 (3153). Funeral charges are secured by a privilege which extends alike to movables and immovables. C. O. 3252 (3219.) Though the lessor’s right on the movables found on the place leased, is of a higher nature than a mere privilege — C. C. 3218 — (3185)—that extraordinary right yields to the privilege for the funeral expenses of the debtor and of his family, when there is no other source from which they can be paid. C. C. 3257 (3224).
This is just: were it not for the privilege which the law allows to those who dig the grave, furnish the coffin and drive the hearse, many a lifeless frame, deprived of sepulture, would rot in unnoted or forsaken homes. Were it not for that privilege, when Death enters a city and knocks at every door — watchful and indefatigable as it is, Charity would inevitably be unequal to the increased task which — otherwise—would be imposed upon it.
In whomsoever may be the title to the property, whether in the husband or the community, howsoever encumbered it may be, the proceeds of the sale of the property can — under no circumstances — be applied to the satisfaction of a conventional mortgage, to the exclusion of the funeral expenses incurred, not only for the debtor, but for his family, when — in the language of the Code — there is no other source from which they can be paid.
“Ce privilege” — according to the most eminent of the French commentators — ■“ a ótéintroduit: 1. dans l’intéret des mceurs publiques, qui auraient áte blesses si le corps d’un homme insolvable fut resté sans sepulture ; 2. dans l’intórét de la salubritó publique, qui eut étó compromise si le corps n’eut pas étó enseveli. * * * Les motifs qui ont fait admettre ce privilege, l’intórót de la décence et de la salubrité publiques, existent, soit qu’il s’agisse de l’ensevelissement de débiteur, de ses enfants et proches parents.”
Troplong, Privileges et Hypothéques, vol. 1, No. 132.
Paul Pont, Priviléges et Hypothéques, vol. 1, p. 47.
Mourlon, Examen du C. N. vol. 3, p. 502.
Gilbert, Codes Annotés, p. 912.
The objection that the funds retained by the sheriff under the order granted on the third opposition, can be paid but to the representative of Mrs. O’Brien’s succession, which is not represented in this suit, is not tenable. As between Johnson and Alter — two of the creditors of an insolvent community — the right of preference claimed by the former was *455 properly passed upon and determined in the jurisdiction wherein the-latter proceeded to enforce his mortgage.
At the death of Mrs. O’Brien, she and her husband owned no separate estate, and the whole of the property belonging to the community which heretofore existed between them, was insufficient to satisfy its liabilities. The common property was sold, purchased by Alter,, and — less a fraction — he kept, as a creditor, the proceeds of that sale. There never was in the succession of Mrs. O’Brien, there no longer is in or of the community a single right or effect upon which to administer. Johnson alone is entitled to a sum which was claimed by him, which was due and allowed to him — to which no succession is entitled, which was not allowed to, and is neither claimed by or for any succession, and that sum retained to satisfy his demand, can be paid but 'to him.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is amended, and ,that Francis Johnson recover — out of the proceeds of the sale from the sheriff to Charles E. Alter, and in preference to the latter, the sum of three hundred twelve dollars and fifty cents: the costs of the appeal to be paid by Alter — and, as thus amended, the judgment of the lower court is affirmed.